# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DAKOTA COTTENGIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-CV-264 CDP |
| | ) | |
| JOSHUA CARTER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Self-represented plaintiff Dakota Cottengim brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights.  The matter is now before the Court upon plaintiff's motion for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2.  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $10.07.  *See* 28 U.S.C. § 1915(b)(1).  Furthermore, after reviewing the pleadings, the Court finds that plaintiff's claim is moot due to his recent transfer to a different facility.  As such, this case will be dismissed without prejudice.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28

U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

In his signed and sworn motion, plaintiff states that he earns $7.50 month in wages, that he currently has $55.00 in his account, and that he "sometimes" receives up to $100 "every couple months" from others.  ECF No. 2.  A few weeks after filing his motion, plaintiff submitted an inmate account statement showing average monthly deposits of $50.36.  ECF No. 5.  The Court finds that plaintiff has insufficient funds in his prison account to pay the entire filing fee and will therefore assess an initial partial filing fee of $10.07, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

In the complaint, plaintiff describes himself as a convicted and sentenced state prisoner incarcerated at Southeast Correctional Center ("SECC"). ECF Nos. 1 at 2 & 8, 1-4 at 1. However, since filing this case, plaintiff has been moved to Potosi Correctional Center ("PCC"). ECF No. 4 at 1. Plaintiff brings this 42 U.S.C. § 1983 action against a case manager at SECC, Joshua Carter, in his official capacity only. ECF No. 1 at 2. Plaintiff labels his claims as First Amendment retaliation and denial of access to the courts, and he describes this case as a "preliminary injunction request." ECF Nos. 1-2 at 1, 1 at 6.

According to plaintiff, defendant Carter is violating plaintiff's rights by requiring that legal postage be held in Carter's office, instead of allowing plaintiff to keep it in his cell. Plaintiff states that he received notice that there would be a change regarding postage for legal mail on December 1, 2020. ECF No. 1 at 4 & 6. Plaintiff attached a copy of the notification he received as an exhibit to his complaint.[1] ECF No. 1-1. The notification informs SECC prisoners in HU1 of changes

---

[1] In assessing whether an action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B), courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

effective December 7, 2020, that are necessary due to HU1 having only one case manager.  The document appears to have been signed by that single case manager, defendant Joshua Carter.  The changes described in the document pertain to multiple aspects of prison life, but the paragraph relevant to postage states as follows:

> From now on, if you have a [Qualified Legal Claim], and you request extra legal materials to be kept in your cell, this will not include stamps.  If you have legal materials to be sent out, make me aware by kite.  I will pick up your sealed envelopes and packages as they need to go out, I will meter what needs to be metered, or order the stamps for flat rate packages and envelopes as needed.  No one will be allowed to keep excess stamps in their cell.

*Id.* at 1.

Plaintiff alleges that not having his legal postage available to him in his cell will cause "a major delay in any legal proceedings Plaintiff has or will have."  ECF No. 1 at 3.  Plaintiff asserts that his response time to the courts could be delayed, as could his correspondence with "legal advocates."  *Id.* at 4.  Plaintiff also states that having "legal postage withheld … would hinder [his] ability to use the mailbox law if necessary."  *Id.*  Plaintiff claims that defendant Carter has "failed on multiple occasions to make rounds daily or respond to kites to pick up legal mail or bring out legal postage to send legal mail."  *Id.* at 3.  However, plaintiff does not state whether he currently has a "Qualified Legal Claim" or any pending legal matters besides this one.

Plaintiff also alleges that this postage restriction was enacted in retaliation against plaintiff.  Plaintiff states that on November 30, 2020, Carter made the "retaliatory" statement: "People are buying to [sic] much stamps so we're gonna shut that down."  *Id.* at 5.  On the following day, the notification regarding the change in postage was issued.

As to exhaustion of the issues of his complaint, plaintiff claims that he twice requested an emergency grievance form but was denied and/or received no response.  *Id.* at 5-6 & 10.  Plaintiff also states that a kite he tried to send to defendant Carter was "disposed of unread."  *Id.* at 6.  According to plaintiff, the final paragraph of the notification regarding postage changes made

"threatening statements" and therefore plaintiff "did not exhaust administrative remedies out of fear of legal proceedings being intentional[ly] delayed or legal mail being held." *Id.* The "threatening" language to which plaintiff refers, reads as follows:

> Paperwork is running slow. The whole world is running slow. Be patient. No one is holding your hearings or your certified copies or your mail. Your kites and paperwork will be answered as I get them done. If you continue to send ten kites for every single request, or if you wish to file repeated IRRs over every issue you have, the delay before you get your requests filled will become longer. There is only one case manager in the house to answer every kite, every IRR, every trip to property, every conduct violation. Everyone needs something, so be patient, and everything will get done.

ECF No. 1-1 at 1.

Plaintiff left the "Injuries" section of his form complaint blank. ECF No. 1 at 7. For relief, plaintiff seeks: "Preliminary injunction stating Plaintiff is able to have 50 to 100 legal postage stamps in his possession for qualified legal claim purposes." *Id.* at 8.

## Discussion

After careful consideration and liberal construction of the allegations of plaintiff's complaint, the Court finds that plaintiff's claim for injunctive relief is moot because plaintiff is no longer being held at SECC under the care of case manager defendant Joshua Carter. In addition, even if plaintiff was still at SECC, the allegations of his complaint are insufficient to state a claim for retaliation or denial of access to the courts. As such, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

The Eighth Circuit has consistently held that a prisoner's transfer to a different facility where the alleged unlawful conduct does not exist, renders moot a prisoner's request for injunctive relief. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (dismissed as moot prisoner plaintiff's claim for injunctive relief to improve prison conditions because plaintiff was transferred to a different unit); *Wycoff v. Brewer*, 572 F.2d 1260, 1262 (8th Cir. 1978) (prisoner's transfer to a different state penitentiary rendered moot his claim for injunctive relief). Because plaintiff here

has been transferred to a different institution and there is no indication that the same postage policies are in place at that new institution, his request for injunctive relief is moot.

Even if plaintiff's claim was not mooted by his transfer, his complaint would still fail to state valid claims of retaliation or denial of access to the courts. "To succeed on [a] § 1983 retaliation claim, [plaintiff] must prove that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against [him] that would chill a person of ordinary firmness from engaging in that activity." *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007).

Here, plaintiff alleges that defendant Carter enacted the postage restriction in retaliation against plaintiff. His only evidence is that Carter made a statement about "[p]eople" buying too many stamps. ECF No. 1 at 5. First, there is no indication that plaintiff engaged in any protected activity to which defendant Carter responded with policy changes. Second, the notification of changes provided by Carter, along with his statement about increased stamp purchases, indicate that he was overwhelmed with the workload of being the only case manager in the unit and he needed to implement changes in order to keep things running. There are no facts creating an inference that Carter acted in retaliation due to actions by plaintiff. Third, there is no evidence that the postage change had a chilling effect on plaintiff sending legal mail. In fact, the opposite seems true, as plaintiff was able to mail his complaint in this matter to the Court – docketed December 9, 2020 – soon after the enactment of the postage change. For all of these reasons, plaintiff's complaint fails to state a claim of First Amendment retaliation.

Finally, to state a claim premised upon denial of access to the courts, a plaintiff must demonstrate that he suffered an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). The Eighth Circuit has recognized that, when bringing an access-to-courts claim, it is insufficient to merely allege a denial of access to a specific resource, even if the denial is systemic. *Sabers v.*

*Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (citing *Lewis*, 518 U.S. at 353 n.4).  Instead, the plaintiff must plead (and ultimately prove) that the lack of the resource deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action.  *Id.*  Speculation that injuries might occur or could have occurred is insufficient.  *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008) ("Absent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative.").

Here, plaintiff alleges that the change in postage handling could delay his legal matters, but he provides no evidence of actual delay or injury.  The 'Injuries' section of his complaint is blank.  He points to neither a specific deprivation of an opportunity to defend himself nor a lost opportunity to advance a viable legal claim.  There is no evidence that plaintiff even has any legal cases pending besides this matter.  As such, plaintiff's access-to-courts claim fails.

For all the reasons detailed above, the Court finds that this matter must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $10.07 within **twenty-one (21) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendant Joshua Carter because plaintiff's claims are moot. Plaintiff's claims against defendant Joshua Carter are **DISMISSED without prejudice**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of March, 2021.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE